IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**RICHARD WHITE**                                                                            **PLAINTIFF**

**v.**                                      **No. 1:19CV202-DAS**

**MAJOR OWING**
**C.O. DALLAS**                                                   **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Richard White, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that, during his stay at the Chickasaw County Regional Correctional Facility, the defendants negligently left clips off of the exercise weights, causing the weights to fall and injure him. In addition, Mr. White alleges that the defendants caused him a 20-day delay in receiving medical care for those injuries. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

While incarcerated at the Chickasaw County Regional Correctional Facility in Houston, Mississippi, some weights fell on Mr. White and injured his arm and chest while he was weightlifting for exercise. The bar did not have clips on the ends to prevent the weights from falling off. Mr. White believes that the defendants should have provided him the means to affix the weights better to prevent

such injuries. As a result of these events, Mr. White tore a muscle in his chest. The two defendants, who are not medical providers, were there when Mr. White visited the nurse, who told him that he had suffered a bruised chest. White told the nurse that his injury was far worse than a bruise and was very painful. The nurse disagreed and gave him ibuprofen. Mr. White was still in pain and refused to go back to his unit until he received a more thorough examination and diagnosis – and different treatment. He was placed in isolation for this rule infraction, where he stayed for 20 days, after which he was transported to the Mississippi State Penitentiary, where he was examined and treated. A CAT scan revealed that he had torn a muscle in his chest, and MDOC medical personnel provided him with more effective medicines than ibuprofen. He received medical care during this time, including repeated visits to doctors and specialists. Approximately a year after his injury, a surgical specialist from New York City performed a procedure on him at the University Medical Center in Jackson, Mississippi. The surgeon repaired the torn muscle, though Mr. White can still feel tightness and achiness in his chest.

## Negligence

Mr. White alleges that the defendants should have made clips for the weight bar available to prevent weights from falling on the inmates using the weight set for exercise. This claim for relief sounds in negligence, and negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This allegation must therefore be dismissed for failure to state a claim upon which relief could be granted.

## Denial of Medical Treatment

Mr. White has not stated a valid claim for denial of medical care under 42 U.S.C. § 1983. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts

which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or his disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

In this case, the court's inquiry is limited to the 20 days between his injury at the Chickasaw County Regional Correctional Facility and his transfer to the Mississippi State Penitentiary. The defendants were not medical providers and merely deferred to the nurse who examined and treated Mr. White's injury. They did not prevent him from obtaining medical treatment; instead, they relied on the nurse's decisions regarding examination, diagnosis, and treatment. Even if Mr. White had named the nurse as a defendant, her misdiagnosis and conservative treatment of the injury rises only to the level of negligence, which, as discussed above, cannot form the basis of a valid claim under 42 U.S.C. § 1983. Finally, Mr. White has not alleged that, had the defendants correctly diagnosed and treated him before his transfer, he would have had a better outcome when he had surgery a year later. For these reasons, Mr. White's allegations regarding denial of adequate medical care must be dismissed for failure to state a claim upon which relief could be granted.

**Conclusion**

For the reasons set forth above, all of the plaintiff's allegations must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 5th day of March, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE